IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOMMY SHAW, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| PRIME LEGACY SECURITY, INC., *Defendant* | : : : | No. 20-5551 |

## MEMORANDUM

PRATTER, J.                                                                 JUNE 24, 2021

Tommy Shaw moves for default judgment against his former employer, Prime Legacy Security, Inc. For the reasons that follow, the Court grants in part Mr. Shaw's motion for default judgment and directs him to submit a sworn affidavit to substantiate each category of damages requested.

### BACKGROUND

Mr. Shaw was an employee of Prime Legacy Security, Inc., a security guard service headquartered in Philadelphia. Doc. No. 1 (Compl.) ¶ 14. He worked primarily as a Security Training Worker at a high school and received awards commending his work ethic. *Id.* ¶¶ 24, 26. In 2019, Mr. Shaw, who suffers from high blood pressure, glaucoma, diabetes, and arthritis, began experiencing bouts of dizziness. *Id.* ¶¶ 27-31. Prime Legacy Security was aware of his medical conditions. *Id.* ¶ 27. During one such bout, Mr. Shaw called the office to inform them that he was en route to the emergency room. In response, he was told by the dispatcher on the call that his sickness was "an issue" and was "not good" for the company and that he should not be working for Prime Legacy Security. *Id.* ¶¶ 32-34.

Mr. Shaw complained about his conversation with the dispatcher to the company owner and CEO, Tasha Plaza. He alleges that Prime Legacy Security failed to take any meaningful action

1

in response to his complaints. Instead, roughly a week after lodging his complaint with Ms. Plaza, she accused him of not being a "team player," and stated that his "health problems were not acceptable." *Id.* ¶¶ 38-41. She told him not to return to work until he heard from the company to do so. *Id.* ¶ 42. Mr. Shaw's employment was terminated two days later. *Id.* ¶ 43.

In February 2020, Mr. Shaw dual-filed a charge of discrimination with the EEOC and a complaint with the Pennsylvania Human Relations Commission. He received a Notice of Right to Sue from the EEOC in August 2020. Within the statutory 90-day timeframe, Mr. Shaw filed a two-count complaint in this Court, alleging violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* He was 57 at the time he filed his federal complaint in November 2020. He stated that he would seek to amend his complaint to add state-law claims under the Pennsylvania Human Relations Act, 43 P.S. §§ 951 *et seq.*, after he had exhausted his administrative remedies.

In January 2021, Prime Legacy Security was properly made a party to this action by effective service of the complaint and summons. *See* Doc. No. 2; Fed. R. Civ. P. 4. It did not answer the complaint or otherwise appear in this case. So, Mr. Shaw requested an entry of default be entered against his former employer under Rule 55(a), and the Clerk of Court entered default on June 4, 2021.

Mr. Shaw now moves for default judgment and requests that the Court conduct a hearing to determine the amount of damages to which he is entitled under Rule 55(b)(2)(B). Doc. No. 4. Prime Legacy Security has neither appeared nor opposed the motion.

## DISCUSSION

Once the Clerk of Court enters default, a plaintiff may then move for default judgment. Where, as here, a plaintiff does not request damages for "a sum certain or a sum that can be made

certain by computation," Fed. R. Civ. P. 55(b)(1), a plaintiff must move for default judgment from the Court, Fed R. Civ. P. 55(b)(2).

Under Rule 55(b)(2), the Court may enter default judgment against a properly served defendant who fails to defend or appear. Fed. R. Civ. P. 55(b)(2). When default judgment is requested, the Court has an affirmative duty to make a threshold determination *sua sponte* regarding any jurisdictional defects. *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). The Court has subject matter jurisdiction over this matter under federal question jurisdiction. 28 U.S.C. § 1331. The Court likewise has personal jurisdiction over Prime Legacy Security because it is headquartered in Philadelphia. Compl. ¶ 14. Prime Legacy Security was properly made a party to this action by effective service of the complaint and summons pursuant to Rule 4. Fed. R. Civ. P. 4; Doc. No. 2.

## I. Mr. Shaw's Entitlement to Default Judgment

Once default has been entered, the Court accepts as true the well-pleaded factual allegations in the Complaint and treats those allegations as though they were established by proof, except those relating to damages. *See Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 270 (E.D. Pa. 2014) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). However, before granting default judgment, the Court must find that the unchallenged allegations state a legitimate cause of action. *Id.*; 10A Charles A. Wright and Arthur A. Miller, Federal Practice and Procedure § 2688.1 (4th ed.) (citing cases).

As an initial matter, it is unclear whether Mr. Shaw is specifically alleging discrimination, harassment, and retaliation claims under each of the ADA and ADEA. That is because the Complaint brings only two counts, each for nonspecific violations of each of these statutes. The Court will consider each of these claims as if Mr. Shaw brought each claim as a separate count.

Mr. Shaw pleads elements to make out his discrimination and retaliation claims under the ADA. The ADA prohibits a "covered entity" from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Mr. Shaw pleads that Prime Legacy Security qualifies as a an "employer" within the meaning of the Act. *Id.* § 12111(5)(A). He contends that, at all relevant times, it has employed more than 50 employees. Compl. ¶ 16. Mr. Shaw alleges that he is a "qualified individual" within the meaning of the ADA based on the nature of his disabilities and that he was otherwise qualified to perform the essential functions of his job. *Id.* ¶¶ 10-13, 25; 42 U.S.C. § 12111(8).

Mr. Shaw alleges that he communicated with Prime Legacy Security's owner and CEO about discrimination and harassment by the company dispatcher, which is a protected activity. Compl. ¶¶ 35-36. He contends that he suffered an adverse employment action when Prime Legacy Security told him he was "too old and sick" to merit a supervisory position and terminated his employment roughly one week after he complained. *Id.* ¶¶ 39-43. Mr. Shaw also alleges that both the temporal proximity between his protected activity and his employment being terminated, as well as the statements made by the CEO about his health and age, satisfy the causation element. *Gera v. Cty. of Schuylkill*, 617 F. App'x 144, 147 (3d Cir. 2015) ("[A] causal connection may be shown by [ ] an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action.").

To the extent that Mr. Shaw intends his allegations of harassment to make out a hostile workplace claim, he must show that the "harassment was sufficiently severe or pervasive to alter the conditions of his employment and to create an abusive working environment" and that Prime Legacy Security "knew or should have known of the harassment and failed to take prompt effective

4

remedial action." *Broadnax v. Sec'y United States Dep't of Veterans Affs.*, No. 20-3143, 2021 WL 2433265, at *3 (3d Cir. June 15, 2021) (recognizing a hostile workplace claim under the ADA). The Complaint includes two instances of alleged harassment: (1) the call with the dispatcher during which he was told that his sickness was an issue, Compl. ¶¶ 32-34, and (2) Mr. Shaw's subsequent conversation with the company CEO and owner in which she told him his "health problems were not acceptable, that he was always sick, and that he was pitiful," before telling him not to return to work, *id.* ¶ 40. Because the standard is "severe or pervasive," a single isolated incident can create a hostile work environment provided it meets the standard. *Castleberry v. STI Grp.*, 863 F.3d 259, 264 (3d Cir. 2017). Here, Mr. Shaw's employment was terminated two days after this second conversation with the company CEO and owner. *Id.* ¶ 43. Mr. Shaw has pled that the incident with the company CEO and owner was extreme enough to "amount to a change in the terms and conditions of employment"—indeed, it led to his immediate suspension and termination shortly thereafter. *Id.* (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). On the face of these allegations, the Court finds that Mr. Shaw makes out a *prima facie* claim for harassment under the ADA.

As for his ADEA claims, Mr. Shaw asserts that he is over 40 years old. Compl. ¶ 9. So, he is protected from age discrimination in the workplace under the ADEA. The allegations discussed above, including the CEO's remarks that he was not promoted because of his age and the subsequent termination of his employment a week later, *id.* ¶¶ 41-42, go to making out Mr. Shaw's *prima facie* retaliation claim under the ADEA.

To establish a *prima facie* case of age discrimination, Mr. Shaw must not only be over 40 years old, have been qualified for his position, and have suffered an adverse employment action, he must also have been replaced by another employee who was "sufficiently younger" to support an inference of discrimination. *Johnson v. Phila. Hous. Auth.*, 218 F. Supp. 3d 424, 434 (E.D. Pa.

2016). Although Mr. Shaw pleads the first three elements, he fails to allege anything regarding his ultimate replacement. Because he does not make out a case for discrimination under the ADEA, he is not entitled to default judgment on this claim.

Mr. Shaw's claim concerning harassment under the ADEA is, essentially, a hostile work environment claim. Although the Third Circuit Court of Appeals has not "formally recognized [this] cause of action," *Lyles v. Phila. Gas Works*, 151 F. App'x 169, 171 n.3 (3d Cir. 2005), district courts within this Circuit have. *See, e.g., Power v. Lockheed Martin Corp.*, 419 F. Supp. 3d 878, 902 (E.D. Pa. 2020). As with his ADA harassment claim, Mr. Shaw alleges only an isolated incident. "Unless extremely serious," an isolated incident will not sustain a hostile work environment claim. *Chinery v. Am. Airlines*, 778 F. App'x 142, 145 (3d Cir. 2019). Here, Mr. Shaw alleges he was told that *because* of his age, he should not return to work. Compl. ¶ 42. Taking the allegations as true, which the Court must, Mr. Shaw alleges discriminatory conduct that was extreme enough to alter the terms and conditions of his employment.

Finding that Mr. Shaw has established a prima facie case against Prime Legacy Security on each claim except for discrimination under the ADEA, the Court must next consider whether an entry of default judgment is warranted. To do so, the Court is guided by a three-factor analysis: "(i) whether the plaintiff will be prejudiced if the default is denied, (ii) whether the defendant has a meritorious defense; and (iii) whether the default was the product of defendant's culpable conduct." *See Eastern Electric Corp. of New Jersey v. Shoemaker Construction Co.*, 657 F. Supp. 2d 545, 551 (E.D. Pa. 2009) (citing *Spurio v. Choice Security Systems, Inc.*, 880 F. Supp. 402 (E.D. Pa. 1995)). The Court finds each of these factors is satisfied, and thus weighs in favor of default judgment.

First, Mr. Shaw will be prejudiced by the denial of default judgment. Prime Legacy Security has failed to appear or otherwise participate in this litigation for seven months, thus

preventing Mr. Shaw from prosecuting his case. *Schall v. Ronak Foods*, No. 2:19-CV-01463-JDW, 2019 WL 4034765, at *3 (E.D. Pa. Aug. 27, 2019) (finding a three-month delay weighed in favor of granting default judgment to employee-plaintiff asserting wrongful discharge claim). Mr. Shaw filed his motion for default judgment soon after requesting entry of default from the Clerk of Court. Second, Prime Legacy Security has failed to assert any defenses (much less meritorious defenses) that would bar Mr. Shaw's claims. Prime Legacy Security's lack of a meritorious defense weighs in favor of granting default judgment. Third, the Court concludes that the default in this matter resulted from Prime Legacy Security's failure to contest Mr. Shaw's claims, which constitutes culpable conduct. *Eastern Electric Corp.*, 657 F. Supp. 2d at 554 (failing to respond to an adversary's claims "qualifies as culpable conduct with respect to the entry of default judgment"). Accordingly, the Court finds that default judgment against Prime Legacy Security on each of Mr. Shaw's claims, except for discrimination under the ADEA, is warranted.

## II. Damages

Mr. Shaw requests a damages award that includes back pay, front pay, compensatory damages, punitive damages, liquidated damages, and attorneys' fees and costs. As a threshold matter, compensatory, emotional distress, and punitive damages are unavailable for Mr. Shaw's retaliation claim under the ADA. As several courts within this Circuit have emphasized, the "anti-retaliation provision of the ADA does not allow for such damages." *Fabian v. St. Mary's Med. Ctr.*, No. CV 16-4741, 2017 WL 3494219, at *6 (E.D. Pa. Aug. 11, 2017) (collecting cases). However, punitive and compensatory damages are available where an employer has engaged in intentional discrimination "with malice or with reckless indifference" to the employee's federally protected rights. *McFadden v. Biomedical Sys. Corp.*, No. CIV.A. 13-4487, 2014 WL 80717, at *5 (E.D. Pa. Jan. 9, 2014) (discussing 42 U.S.C. § 1981a(b)(1)).

7

To determine the amount of damages, Mr. Shaw requests that the Court hold a hearing. Rule 55(b)(2), which discusses the Court's authority to conduct such a hearing, gives the Court permission to do so but does not require it. *Joe Hand Promotions*, 3 F. Supp. 3d at 271 n.8. Before noticing a hearing, the Court first requests that Mr. Shaw submit a sworn affidavit and other evidentiary materials to substantiate his request for damages.

## CONCLUSION

For the reasons set out in this Memorandum, the Court grants in part Mr. Shaw's motion for default judgment. An appropriate order follows.

BY THE COURT:

_/s/ Gene E.K. Pratter_
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE