IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TOMMY SHAW, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| PRIME LEGACY SECURITY, INC., *Defendant* | : : : | No. 20-5551 |

## MEMORANDUM

PRATTER, J.                                                             JULY 26, 2021

The Court previously granted Tommy Shaw's motion for default judgment against his former employer, Prime Legacy Security, Inc., as to its liability only. The Court reserved its determination as to the amount of damages pending documentation from Mr. Shaw to substantiate his damages claim. Shortly thereafter, counsel for Prime Legacy Security entered an appearance and now Defendant moves to set aside the entry of default. Because the Court finds that Prime Legacy Security has shown "good cause" to set aside default, it grants the motion.

### BACKGROUND

Because the Court writes primarily for the benefit of the parties, it will discuss only those facts necessary to decide this motion.[1] In January 2021, Prime Legacy Security properly became a party to this action by the effective service of the complaint and summons. *See* Doc. No. 2; Fed. R. Civ. P. 4. By June, it had not answered the complaint, not had it otherwise appeared in this case. So, Mr. Shaw requested an entry of default under Rule 55(a). The Clerk of did so on June 11, 2021. A few days later, Mr. Shaw moved for default judgment and requested a hearing to determine an appropriate amount of damages.

---

[1] The Court previously provided a lengthy recitation of the facts and procedural history in considering Mr. Shaw's motion for default judgment. *Shaw v. Prime Legacy Sec., Inc.*, No. CV 20-5551, 2021 WL 2634820, at *1 (E.D. Pa. June 24, 2021).

1

The Court found that Mr. Shaw established a *prima facie* case against Prime Legacy Security on each claim in his complaint, except for discrimination under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq*. The Court further found that entry of default judgment was warranted as to Defendant's liability. At that time, Prime Legacy Security had failed to appear or otherwise participate in the litigation for seven months. Moreover, because it had failed to appear, it likewise failed to assert any defenses—meritorious or not—that would bar Mr. Shaw's claims. Last, the Court found Defendant's failure to appear constituted culpable conduct that weighed in favor of an entry of default judgment.

The Court then ordered Mr. Shaw to submit evidentiary materials to substantiate his claim for damages. For this reason, the Court did not direct the Clerk of Court to enter default judgment because the amount of damages was yet to be ascertained. Roughly two weeks later, Prime Legacy Security appeared in this case and quickly moved to set aside entry of default and for leave to file an answer.

## DISCUSSION

The Court has discretion to set aside an entry of default upon a finding of "good cause." *Doe v. Hesketh*, 828 F.3d 159, 174 (3d Cir. 2016); Fed. R. Civ. P. 55(c). In determining whether "good cause" exists, courts consider "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Id.* (citing *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). In evaluating the factors, the Court is also mindful of the Third Circuit Court of Appeal's "preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).[2]

---

[2] Although Prime Legacy Security moves to set aside default, Mr. Shaw styles his response as one in opposition to the "Motion to Set Aside Default Judgment." Of course, "default" and "default judgment" are two different things, though they are often confused by laypersons and professionals alike. The Court

2

## I. Whether Setting Aside Default Would Prejudice Mr. Shaw

Prime Legacy Security argues that Mr. Shaw will not be prejudiced if default is vacated because there is nothing to suggest that circumstances have changed between entry of default and now. *Danilo v. Healthhelp, Inc.*, No. 01-CV-5625, 2002 WL 32345697, at *1 (E.D. Pa. July 3, 2002). Focusing on a different time gap, Mr. Shaw responds that the intervening seven months, during which time Prime Legacy Security moved its business address, may have caused evidence to become lost or discarded.

A plaintiff demonstrates prejudice when his "ability to pursue the claim has been hindered . . . [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 524 (3d Cir. 2006) (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982)). Mere delay in adjudicating the claims by itself is insufficient. *Feliciano*, 691 F.2d at 656-57 ("Delay in realizing satisfaction on a claim rarely serves to establish the degree of prejudice sufficient to prevent the opening a default judgment entered at an early stage of the proceeding.").

Mr. Shaw's concerns about loss of documentation and decreased memory recall are speculative at this point. He does not show that there has been an actual loss of evidence. Moreover, at the time Prime Legacy Security filed its motion, the Court had yet to receive

---

has discretion to set aside a default judgment under Rule 60(b). Rule 60(b) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Third Circuit Court of Appeals has explained that the analysis for setting aside default and default judgment largely overlaps because both require consideration of the factors to find "good cause." When setting aside a judgment, the Court may also consider the effectiveness of alternative sanctions. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). Both parties address the three "good cause" factors in their papers. Mr. Shaw does not discuss the possibility of sanctions. Because the Court ultimately finds that Prime Legacy Security has demonstrated "good cause," the distinction between moving to set aside default and moving to set aside default judgment is immaterial to the Court's analysis.

3

documentation from Mr. Shaw substantiating his damages. Because no amount of damages had yet been ascertained, the Clerk of Court had not yet formally been directed to close the case and enter judgment. So, it cannot be the case that Mr. Shaw has substantially relied upon the entry of default.

Permitting Prime Legacy Security to file its answer will enable the Court to reach a decision on the merits, which is the strong preference in this Circuit. Accordingly, the Court does not find that Mr. Shaw will suffer prejudice if default is vacated.

## II. Whether Prime Legacy Security Has a Meritorious Defense

The Court previously found that Prime Legacy Security lacked a meritorious defense because it had failed to assert any. A meritorious defense for these purposes is asserted "when allegations of defendant's answer, if established on trial, would constitute a complete defense[.]" *$55,518.05 in U.S. Currency*, 728 F.2d at 195. The defaulting defendant is not required to "prove beyond a shadow of a doubt that it will prevail at trial." *Allied World Ins. Co. v. Perdomo Indus., LLC*, No. CV 19-2467, 2019 WL 5966725, at *5 (E.D. Pa. Nov. 13, 2019). But it must do more than allege simple denials or conclusory statements. *Mrs. Ressler's Food Prods. v. KZY Logistics LLC*, 675 F. App'x 136, 141 (3d Cir. 2017).

Prime Legacy Security states that it terminated Mr. Shaw's employment for legitimate, non-pretextual reasons. Specifically, it contends that Mr. Shaw's "poor work performance, including his chronic tardiness (not health related)" resulted in his termination. Doc. No. 10-3 at 2. If true, Prime Legacy Security terminated Mr. Shaw's employment on non-discriminatory grounds, which would constitute a complete defense to Mr. Shaw's ADA and ADEA claims.

Mr. Shaw's response—that the proffered reason for his termination is "pretextual"— misconstrues Prime Legacy Security's burden. Prime Legacy Security is not required to satisfy a summary judgment standard at this stage. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863,

4

869 (3d Cir. 1984). Given the procedural posture of the case, the Court considers only whether Prime Legacy Security presents a valid defense to Mr. Shaw's claims. *See Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 148 (E.D. Pa. 2001). Because the Court finds the defense is facially meritorious, this second factor weighs in favor of setting aside default.

### III. Whether Default Was the Result of Prime Legacy Security's Culpable Conduct

The final factor to consider is whether the defendant's "culpable conduct" caused default. Culpable conduct requires more than mere negligence; it is closer to actions done willfully or in bad faith. *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 124 (3d Cir. 1983). Prime Legacy Security asserts that it had no knowledge that it had been served with a complaint and summons. In a sworn declaration from Tasha Plaza, the company owner and CEO, she represents that a former employee supposedly received the documents in January but never informed her or anyone else at the company of its existence. Ms. Plaza states she first learned of the pending action in June, when Mr. Shaw's counsel transmitted the request for entry of default. She asserts she promptly retained counsel to respond to the complaint—the copy of which Prime Legacy Security has been unable to locate—and to prepare and file the pending motion.

Mr. Shaw responds that roughly five weeks between his mailing the request for entry of default and Prime Legacy Security's filing its motion to set aside default is evidence of culpable conduct. *See Yellow Book Sales & Distrib. Co. v. White*, No. CIV.A. 10-3062, 2011 WL 830520, at *3 (E.D. Pa. Mar. 10, 2011) (finding default was the result of defendant's conduct when he failed to participate or appear in the case until after entry of default).[3] Based on the evidence before it, the Court cannot agree.

---

[3] Mr. Shaw's reliance on *Yellow Book* is misplaced. There, the court denied defendant's motion to set aside default when the defendant had "failed to present any meritorious defenses." *See Yellow Book Sales & Distrib. Co. v. White*, No. CIV.A. 10-3062, 2011 WL 830520, at *3 (E.D. Pa. Mar. 10, 2011). Here, the Court has found Prime Legacy Security asserted a meritorious defense. *See* Section II, *supra*. Moreover, the individual defendant in *Yellow Book*, despite accepting personal service of process, did not

5

The Court finds that Prime Legacy Security's actions—while perhaps indicative of the need for better company-wide communications and a filing reporting system—do not rise above mere negligence. That Prime Legacy Security cannot locate the copies of the complaint and summons it supposedly received in January is an example of such disorganization. There is no bright line timeframe by which a defendant must appear to avoid a willful delay. Within less than two weeks after entry of default judgment, Prime Legacy Security entered an appearance and is now prepared to file an answer.[4] True, a more advisable course of action may have been for Prime Legacy Security to request an extension of time to answer once it had secured counsel. But there is no persuasive evidence to suggest that its arguable dilatoriness is attributable to willfulness, bad faith, a knowing or reckless disregard of a need to participate in this litigation, or a lack of respect for either Mr. Shaw or the Court. Accordingly, the Court does not find entry of default to be predicated on Prime Legacy Security's "culpable conduct."

## CONCLUSION

The Court finds that each of the three factors support a finding of "good cause" to set aside the entry of default. For the reasons set out in this Memorandum, the Court grants Prime Legacy's motion to set aside default. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

participate or appear until after entry of default, which rose to a "pattern of delay and non-participation." *Id.* By contrast, here, the corporate defendant disclaims knowledge of service on its former employee.

[4] To that end, the Court accepts Prime Legacy Security's representation that it will answer the Complaint rather than move to dismiss any claims. Accordingly, the Court deems its Answer, attached Exhibit B to the motion, filed.

6